NOT FOR PUBLICATION

R E C E I V E D

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**JAN 1 3 2017**

ANDREAS PLONKA,

AT 8:30_____M
WILLIAM T. WALSH
CLERK

        Plaintiff,

Civ. No. 16-9539

v.

**MEMORANDUM ORDER**

H&M INTERNATIONAL TRANSPORT,
INC.,

        Defendant.

THOMPSON, U.S.D.J.

      This matter comes before the Court on the application filed by Plaintiff Andreas Plonka

("Plaintiff") to proceed *in forma pauperis* without prepayment of fees, pursuant to 28 U.S.C. §

1915. (ECF No. 1).

      In considering an application to proceed *in forma* pauperis, the Court generally conducts

a two-step analysis. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the Court

determines whether the Plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). *Id.* Second,

the Court determines whether the Complaint should be dismissed because it is frivolous, Plaintiff

failed to state a claim upon which relief may be granted, or Plaintiff seeks money damages from

defendants who are immune from such relief as required by 28 U.S.C. § 1915(e). *See id.* Here,

Plaintiff's present application to proceed *in forma pauperis* is incomplete because Plaintiff has

failed to sign the required affidavit in support of his application and has also failed to provide his

expected income. (*See* ECF No. 1). Accordingly,

      **IT IS** on this day ___13th___ of January, 2017,

      **ORDERED** that Plaintiff's application to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915 be and hereby is **DENIED WITHOUT PREJUDICE**, and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse 402 East State Street Trenton, NJ 08608 within 30 days of the entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application or (2) the necessary filing fees; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that the Clerk of Court administratively terminate this action without filing the Complaint or assessing a filing fee.[1]

ANNE E. THOMPSON, U.S.D.J.

---

[1] An administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened it is not subject to the statute of limitations bar if it was originally filed timely. *See Papotto v. Harford Life & Acc. Ins. Co.*, 731 F.3d 265, 275–76 (3d Cir. 2013) (distinguishing administrative terminations from dismissals).