RECEIVED

FEB 03 2017

AT 8:30_____M
WILLIAM T. WALSH
CLERK

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANDREAS PLONKA,

        Plaintiff,

v.

H&M INTERNATIONAL TRANSPORT, INC.,

        Defendant.

Civ. No. 16-9539

MEMORANDUM ORDER

THOMPSON, U.S.D.J.

    This matter comes before the Court on the application filed by Plaintiff Andreas Plonka ("Plaintiff") to proceed *in forma pauperis* without prepayment of fees, pursuant to 28 U.S.C. § 1915. (ECF No. 5).

    In considering an application to proceed *in forma pauperis*, the Court generally conducts a two-step analysis. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the Court determines whether the Plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). *Id.* Second, the Court determines whether the Complaint should be dismissed because it is frivolous, Plaintiff failed to state a claim upon which relief may be granted, or Plaintiff seeks money damages from defendants who are immune from such relief as required by 28 U.S.C. § 1915(e). *See id.*

    This Court denied without prejudice Plaintiff's previous application to proceed *in forma pauperis* because he "failed to sign the required affidavit in support of his application and has also failed to provide his expected income." (ECF No. 3). Plaintiff then filed the instant application to proceed *in forma pauperis*. (ECF No. 5). In this application, Plaintiff did sign the required affidavit, but he again failed to provide the Court with his "Income amount expected

1

next month." Therefore, Plaintiff's application to proceed *in forma pauperis* is again incomplete. Accordingly,

IT IS on this 2nd day of February, 2017,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 be and hereby is **DENIED WITHOUT PREJUDICE**, and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street Trenton, NJ 08608 within thirty (30) days of the entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application or (2) the necessary filing fee; and it is further

**ORDERED** that the Clerk of the Court administratively terminate this action without filing the Complaint or assessing a filing fee.[1]

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

---

[1] An administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened it is not subject to the statute of limitations bar if it was originally filed timely. *See Papotto v. Harford Life & Acc. Ins. Co.*, 731 F.3d 265, 275–76 (3d Cir. 2013) (distinguishing administrative terminations from dismissals).

2