RECEIVED AUG 0 9 2017 AT 8:30_____M WILLIAM T. WALSH CLERK

NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ANDREAS PLONKA,

    Plaintiff,

v.

H&M INTERNATIONAL TRANSPORT,

    Defendant.

Civ. No. 16-9539

OPINION

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter is before the court upon the motion to dismiss brought by Defendant H&M International Transportation, Inc. ("Defendant"). (ECF No. 12). Plaintiff Andreas Plonka ("Plaintiff"), proceeding *pro se*, opposes the motion. (ECF No. 13). The Court has decided the motion based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's motion will be granted. However, Plaintiff's Complaint will be dismissed without prejudice and Plaintiff will be granted leave to file an amended Complaint.

## BACKGROUND

Plaintiff's Complaint states that this case (Civ. No. 16-9539, hereinafter "*Plonka II*") "stems from" a previous case in this Court (*Plonka v. H&M International Transport*, Civ. No. 14-01029, hereinafter "*Plonka I*") between the same two parties involved here. (ECF No. 1, Compl. at p. 6). Plaintiff alleges that both cases "involved the devaning [sic] of a 45' container filled with household goods and personal effects in November 2012." (*Id.*). Plaintiff alleges that he suffered a "massive amount of damages and loss." (*Id.*). The Complaint acknowledges that

1

summary judgment was entered in favor of Defendant in *Plonka I*. (*Id.*). However, the Complaint states that "Plaintiff is not trying to appeal the original action but to start a new action based upon the new discoveries of damages and loss" allegedly made by Plaintiff "while taking inventory" in November 2016, (*id.*), after this Court entered judgment in *Plonka I*.

In *Plonka I*, Plaintiff originally filed his Complaint in state court in November 2013, and Defendant removed the case to this Court in February 2014. (*See Plonka I*, Civ. No. 14-1029 ECF No. 1, 36). Plaintiff alleged that Defendant damaged and/or lost his personal property that was sent from Belgium in a shipping container. (*See Plonka I*, Civ. No. 14-1029 ECF No. 15, 36). On August 31, 2015, the Court issued an Opinion and Order on Defendant's motion for summary judgment. (*Plonka I*, Civ. No. 14-1029 ECF No. 36, 37). The Court construed Plaintiff's Complaint as including state law claims for conversion and negligence. (*Id.*). The Court granted Defendant's motion for summary judgment on all claims, and entered judgment in favor of Defendant. (*Id.*).

In this case, Plaintiff filed his handwritten Complaint along with an application to proceed *in forma pauperis* on December 19, 2016. (ECF No. 1). Plaintiff originally failed to submit a complete *in forma pauperis* application or pay the required filing fee. (*See* ECF No. 6). Subsequently, Plaintiff paid the required filing fee, and Plaintiff's Complaint was filed on the docket. (ECF Entries dated 02/15/2017, 03/01/2017). Defendant filed a motion to dismiss on May 11, 2017. (ECF No. 12). Defendant's Motion to Dismiss is presently before the Court.

## LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-

2

part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, No. 14-3792, 2016 WL 106159 (3d Cir. Jan. 11, 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). If the complaint does not demonstrate more than a "mere possibility of misconduct," the complaint must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Additionally, the Third Circuit has explained that a motion to dismiss based on an affirmative defense such as res judicata is proper if the application of res judicata is apparent on the face of the complaint. *Ryocline Prods., Inc. v. C&W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). However, the Court may properly look beyond the face of the Complaint to public records, including judicial proceedings, to resolve a 12(b)(6) motion. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp., Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).

In a case brought *pro se*, such as this one, the Court must construe the complaint liberally in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Liberal construction does not, however, require the Court to credit a pro se plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to

3

support a claim entitling the plaintiff to relief. *See Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981).

## DISCUSSION

### I. Res Judicata

Defendant argues that res judicata[1] bars Plaintiff's' claims. The preclusive effect to be accorded a judgment "is determined by the preclusion law of the issuing court"—here federal law. *Paramount Aviation Corp. v. Agusta*, 178 F.3d 135, 135 (3d Cir. 1999). The doctrine of res judicata mandates that a subsequent suit be barred if there has been: (1) a final judgment on the merits in a prior suit; (2) based on the same cause of action; (3) between the same parties or their privies. *Labelle Processing Co. v. Swarrow,* 72 F.3d 308, 313 (3d Cir. 1995). "If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded." *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999).

In this case, all of the res judicata factors are present. First, the Third Circuit has noted that summary judgment is a final judgment on the merits for res judicata purposes. *Hubicki v. ACF Indus. Inc.*, 484 F.2d 519, 524 (3d Cir. 1973). This Court previously granted summary judgment in favor of Defendant in a prior lawsuit between these same parties based on the same set of facts. (*Plonka I*, Civ. No. 14-01029, ECF Nos. 36, 37). This Court's granting of summary judgment in favor of Defendant in *Plonka I* was a final judgment for purposes of res judicata. Therefore, this factor is satisfied.

---

[1] "The term 'res judicata' has both a broad and a narrow meaning. Narrowly, ... it refers only to claim preclusion. [The Court's] use of the term in this opinion likewise relates only to the claim preclusion aspect of res judicata doctrine." *Venuto v. Witco Corp.*, 117 F.3d 754, 758 n.5 (3d Cir. 1997).

4

Second, the instant lawsuit is based on the same cause of action as *Plonka I*. The Third Circuit has explained that it takes a "broad view" in deciding whether two suits are based on the same cause of action. *CoreStates Bank, N.A.*, 176 F.3d at 194. To make this determination, courts look to "whether there is an essential similarity of the underlying events giving rise to the various legal claims." *Id.* (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)). Additionally, the Third Circuit has noted that it considers "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991) (citations omitted). A difference in the theory of recovery or relief sought is not dispositive of whether two suits are based on the same cause of action for purposes of res judicata. *Athlone*, 746 F.2d at 984.

Here, both *Plonka I* and *Plonka II* are based on claims for alleged damage and loss of the contents in a shipping container under Defendant's control in November 2012. The act complained of—Defendant allegedly causing damage to Plaintiff's property while under Defendant's control—is the same in both cases. The cases appear to be based on the same incident, and the witnesses and documentation required to prove both cases appear to be the same. Plaintiff's Complaint essentially concedes that the instant lawsuit is based on the same set of facts as *Plonka I*, and the Court is persuaded that the underlying events are identical in both cases. Therefore, this factor is satisfied.

Third, both cases involved the same parties. Plaintiff here was Plaintiff in *Plonka I*, and Defendant was also the Defendant in *Plonka I*. Thus, the third res judicata factor is satisfied.

Lastly, Plaintiff argues that *Plonka II* should proceed because his claims in this case are based on "new discoveries of damages and loss" allegedly made "while taking inventory" in November 2016 (Compl. at p. 6), after this Court entered judgment in *Plonka I*. However, res

5

judicata applies "even where new claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence." *Haefner v. N. Cornwall Twp.*, 40 F. App'x 656, 658 (3d Cir. 2002) (citing *L-Tec Electronics Corp. v. Cougar Electronic Organization, Inc.*, 198 F.3d 85, 88 (2d Cir. 1999)). In this case, while Plaintiff alleges "new discoveries of damage and loss" and vaguely refers to evidence of "video surveillance" that was not available in *Plonka I*, Plaintiff does not specifically identify what the purported newly-discovered evidence is. Nor does Plaintiff assert, much less offer any facts to support, the idea that Defendant fraudulently concealed newly-discovered evidence or that such evidence could not have previously been discovered with due diligence. Plaintiff's unspecified and unsupported allegations of newly-discovered evidence do not persuade the Court that res judicata does not apply to his claims as stated in his Complaint.

Therefore, the Court finds that res judicata applies to Plaintiff's claims as stated in his Complaint. However, the Third Circuit has instructed that where a complaint is vulnerable to Rule 12(b)(6) dismissal "a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Given that instruction, and the liberal construction afforded to *pro se* pleadings, the Court will grant Plaintiff leave to amend his Complaint to attempt to demonstrate that his claims are not barred by res judicata.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be granted. Plaintiff's Complaint will be dismissed without prejudice, and Plaintiff will be granted leave to amend his complaint. If Plaintiff wishes to file an amended Complaint, he must do so within 20 days of the date of the accompanying Order or his Complaint may be dismissed with prejudice. Should

Plaintiff timely file an amended Complaint consistent with the directives of this Opinion, Defendant shall respond to the amended Complaint within 21 days of the Complaint being filed on the docket. An appropriate order will follow.

Date: August 9, 2017

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.