NOT FOR PUBLICATION

RECEIVED
OCT 10 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDREAS PLONKA, <br><br> Plaintiff, <br><br> v. <br><br> H&M INTERNATIONAL TRANSPORT, <br><br> Defendant. | Civ. No. 16-9539 <br><br> **OPINION** |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the court upon the Motion to Dismiss brought by Defendant H&M International Transportation, Inc. ("Defendant"). (ECF No. 18.) Plaintiff Andreas Plonka ("Plaintiff"), proceeding *pro se*, opposes the motion. (ECF No. 19.) The Court has decided the motion based on the written submissions of the parties without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's motion is granted.

## BACKGROUND

Plaintiff initially filed a Complaint under this docket (Civ. No. 16-9539, hereinafter *Plonka II*) in December 2016. (Compl., ECF No. 1.) The original Complaint noted that this action "stems from" a previous case in this Court (*Plonka v. H&M International Transport*, Civ. No. 14-1029, hereinafter *Plonka I*) between the same two parties involved here. (Compl. at 6). Plaintiff alleged that both cases "involved the devaning [sic] of a 45' container filled with household goods and personal effects in November 2012." (*Id.*) Plaintiff alleged that he suffered a "massive amount of damages and loss." (*Id.*) The Complaint acknowledged that summary judgment was entered in favor of Defendant in *Plonka I*. (*Id.*) However, the Complaint stated

1

that "Plaintiff is not trying to appeal the original action but to start a new action based upon the new discoveries of damages and loss" allegedly made by Plaintiff "while taking inventory" in November 2016 (*id.*), long after this Court had entered judgment in *Plonka I*.

Plaintiff originally filed his *Plonka I* Complaint in state court in November 2013, and Defendant removed the case to this Court in February 2014. (*See Plonka I*, Civ. No. 14-1029 ECF Nos. 1, 36.) Plaintiff alleged that Defendant damaged and/or lost his personal property, which was sent from Belgium in a shipping container. (*See Plonka I*, Civ. No. 14-1029 ECF Nos. 15, 36.) After the parties engaged in discovery, on August 31, 2015, the Court issued an Opinion and Order on Defendant's Motion for Summary Judgment. (*Plonka I*, Civ. No. 14-1029 ECF Nos. 36, 37.) Having determined that Plaintiff's Complaint alleged state law claims for conversion and negligence, the Court granted Defendant's motion for summary judgment on all claims and entered judgment in favor of Defendant. (*Plonka I*, Civ. No. 14-1029 ECF No. 36.)

In the instant case, Plaintiff filed his Complaint along with an application to proceed *in forma pauperis* on December 19, 2016. (ECF No. 1.) Plaintiff originally failed to submit a complete *in forma pauperis* application or pay the required filing fee. (*See* ECF No. 6.) Subsequently, Plaintiff paid the required filing fee, and Plaintiff's Complaint was filed on the docket. (ECF entries dated 02/15/2017, 03/01/2017.) Defendant moved to dismiss Plaintiff's Complaint on May 11, 2017. (ECF No. 12.) After considering the parties' submissions, on August 9, 2017 the Court entered an Opinion and Order granting Defendant's Motion to Dismiss on *res judicata* grounds. (ECF Nos. 15, 16.) The Court also gave Plaintiff leave to amend his complaint "to attempt to demonstrate that his claims are not barred by res judicata." (Op. at 6, ECF No. 15.)

Plaintiff filed an Amended Complaint on August 30, 2017. (Am. Compl., ECF No. 17.) In his Amended Complaint, Plaintiff asserts "[i]n *Plonka I* there were several things not argued,

which plaintiff in *Plonka II* would like to bring to light." (*Id.* at 1.) He alleges that Defendants are withholding video surveillance tape which they denied existed during the *Plonka I* proceedings. (*Id.*) He further alleges that "[a]nother very important piece of evidence not argued in *Plonka I* is the name of the Customs agent who was present for the breaking of the seal on the said container and also all of the agent's documentation . . . ." (*Id.*) On September 7, 2017, Defendant again moved to dismiss, arguing Plaintiff's Amended Complaint remains precluded by *res judicata*. (ECF No. 18.) This motion is presently before the Court.

## LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, 2016 WL 106159 (3d Cir. Jan. 11, 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). As relevant here, the Federal Rules of Civil Procedure demand a heightened pleading standard for fraudulent concealment. *See Byrnes v. DeBolt Transfer, Inc.*, 741 F.2d 620, 626 (3d Cir. 1984) ("[F]raud, and thus fraudulent concealment, must be pleaded with particularity."); Fed. R. Civ. P. 9(b). If the complaint does not demonstrate more than a

3

"mere possibility of misconduct," the complaint must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Additionally, the Third Circuit has explained that a motion to dismiss based on an affirmative defense such as *res judicata* is proper if the application of *res judicata* is apparent on the face of the complaint. *Ryocline Prods., Inc. v. C&W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). However, the Court may properly look beyond the face of the Complaint to public records, including judicial proceedings, to resolve a 12(b)(6) motion. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp., Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).

In a case brought *pro se*, such as this one, the Court must construe the complaint liberally in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Liberal construction does not, however, require the Court to credit a pro se plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot support a claim entitling the plaintiff to relief. *See Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981).

## DISCUSSION

Defendant renews its argument that *res judicata*[1] bars Plaintiff's claims. A judgment's preclusive effect "is determined by the preclusion law of the issuing court"—here federal law. *Paramount Aviation Corp. v. Agusta*, 178 F.3d 135, 135 (3d Cir. 1999). Under the doctrine of *res judicata*, a subsequent suit is barred if there has been: (1) a final judgment on the merits in a prior suit; (2) based on the same cause of action; (3) between the same parties or their privies.

---

[1] As explained in the August 9th Opinion, the Court uses this term for its narrow meaning of claim preclusion. *See Venuto v. Witco Corp.*, 117 F.3d 754, 758 n.5 (3d Cir. 1997).

4

*Labelle Processing Co. v. Swarrow*, 72 F.3d 308, 313 (3d Cir. 1995). "If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded." *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999).

The Court's August 9th Opinion established that "all of the res judicata factors are present" here. (Op. at 4.) First, the grant of summary judgment in favor of Defendant in *Plonka I* was a final judgment on the merits; second, the instant lawsuit is based on the same cause of action and set of facts as *Plonka I*; and third, both cases involved the same parties. (*Id.* at 4–6.) As the Court acknowledged in its August 9th Opinion, *res judicata* applies "even where new claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence." *Haefner v. N. Cornwall Twp.*, 40 F. App'x 656, 658 (3d Cir. 2002). The Court allowed Plaintiff to amend his Complaint to allege specific facts (1) identifying the newly discovered evidence and (2) showing that the evidence had been fraudulently concealed or could not have been discovered with due diligence.

Curing in part the Court's earlier concerns, Plaintiff's Amended Complaint now specifically identifies the nature of the purported newly-discovered evidence: (1) video surveillance tape of the devanning of the container; (2) the name of the Customs agent who was present when the container's seal was broken; and (3) documentation created by that Customs agent regarding the devanning he witnessed. (Am. Compl. at 1–2.) However, Plaintiff still does not assert, much less offer facts to support, that Defendant fraudulently concealed this evidence or that such evidence could not have been previously discovered with due diligence.

Turning first to fraudulent concealment, Plaintiff's allegations do not meet the heightened pleading standard for fraud. "To satisfy the particularity requirement with respect to the 'concealment' factor, the plaintiff must 'plead[ ] the date, place or time of the fraud,' or use some other 'alternative means [which] inject[s] precision and some measure of substantiation into their

5

allegations of fraud.'" *In re Elec. Carbon Prod. Antitrust Litig.*, 333 F. Supp. 2d 303, 315 (D.N.J. 2004) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004)). Plaintiff's allegations that "Judge Lois H. Goodman left this piece of evidence out as the defendant claimed that it did not exist" (Am. Compl. at 1) and that "the defendant is refusing to hand [the tape] to this court for viewing for fear of what will be seen" (*id.*) do not meet this high bar. The Amended Complaint does not allege with particularity facts concerning Defendant's fraudulent conduct.

Turning next to whether the evidence could be discovered despite due diligence, Plaintiff has not alleged any facts as to why he could not discover this evidence until now. Plaintiff's own filings in *Plonka I* establish that Plaintiff believed this evidence existed in October 2014 and sought it during discovery. (*See Plokna I*, Pl.'s Letter Mot. for Disc. ¶¶ 4, 10, Civ. No. 14-1029 ECF No. 19 (requesting the name of the Customs agent who supervised the inspection and video recording of the incident).) Plaintiff's Amended Complaint likewise suggests that he believed this evidence existed during the *Plonka I* proceedings. (Am. Compl. at 1.) The Amended Complaint makes no mention of due diligence or how this evidence eluded Plaintiff; rather, his allegations are based on surmise: "The plaintiff is sure that in today's world of homeland security every devaning [sic] is carefully recorded for security purposes." (Am. Compl. at 1.) Accepting as true Plaintiff's factual allegations and construing them in the light most favorable to Plaintiff, Plaintiff's Amended Complaint does not overcome *res judicata*.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be granted. An appropriate order will follow.

Date Oct 4, 2017

ANNE E. THOMPSON, U.S.D.J.

6